# United States District Court
# Middle District of Florida
# Orlando Division

**DORAL BANK,**

        **Plaintiff,**

**-vs-**                            **Case No.  6:13-cv-947-Orl-18DAB**

**ARR CHILD CARE, INC., ARR INVESTMENTS, INC., ARISTA ACADEMY, INC., RAFAEL RODRIGUEZ, an individual, ALEJANDRINO RODRIGUEZ RODRIGUEZ, an individual,**

        **Defendants.**

_____

# Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES (Doc. No. 30)** |
| **FILED:** | **February 17, 2014** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

    On June 18, 2013, Plaintiff Doral Bank (a Puerto Rico banking corporation) sued Defendants, ARR Child Care, Inc., ARR Investments, Inc., Arista Academy, Inc., Rafael Rodriguez, and Alejandrino Rodriguez Rodriguez for claims arising out of an unpaid promissory note and guaranties for $2.3 million, and asserting claims for breach of contract and the guaranties; Plaintiff alleged the Court had jurisdiction on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Doc. 1.

    Plaintiff filed an Amended Complaint on June 21, 2013. Doc. 3.  On August 20, 2013, Defendants moved to dismiss the Complaint, asserting a lack of complete diversity jurisdiction

because Defendant Rafael Rodriguez was actually a citizen of Puerto Rico, the same commonwealth as Plaintiff, which would destroy diversity.  Doc. 16-1.  On September 3, 2013, Plaintiff filed a Motion to Drop the diversity-destroying Defendant (Doc. 18), which was granted on October 22, 2013. Doc. 24.  A few months later, on January 16, 2014, Doral sought a voluntary dismissal because the loan documents on which the lawsuit was based were assigned to an affiliate of Plaintiff, Doral Recovery II, LLC, prior to initiation of the lawsuit, thus, Doral acknowledged that it did not have standing to sue at the lawsuit's inception and the lack of standing could not be cured by a subsequent assignment.  Doc. 28.  On January 16, 2014, District Judge Sharp granted Doral's Motion for Voluntary Dismissal without prejudice pursuant to Rule 41(a)(2), which requires a court order prior to dismissal whether the defendant has answered.  Doc. 29.

Defendants now seek an award of attorney's fees of $9,460 as the "prevailing parties" based on Plaintiff's Voluntary Dismissal under Federal Rule of Civil Procedure 54.  Doc. 29.  Plaintiff has filed a response opposing any award of fees, arguing that fees should not be awarded for a voluntary dismissal without prejudice.  Doc. 33.

## I. Analysis

Defendants argue they are the prevailing parties by virtue of the fact that Doral acknowledges in its Motion for Voluntary Dismissal that it was not the proper party to file suit against the Defendants because it lacked standing to enforce the loan documents that were attached to the Amended Complaint.  Doc. 3.  Defendants contend that the loan documents Doral relied upon in its claims against Defendants included a contractual provision for the recovery of attorney's fees against Defendants in the event Doral was successful in its claims against them.   In their Answer to Plaintiff's Amended Complaint, Defendants pled for the recovery of their attorney's fees incurred in the defense of the case.  Doc. 26.  Plaintiff contends that Defendants should be denied their fees because no judgment has been entered and dismissal of the lawsuit was not conditioned on the payment of attorneys' fees.

*A.  Entitlement to an Award of Fees*

Federal law governs the award of costs and attorney's fees.  *See Champion Produce, Inc. v. Ruby Robinson Co. Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) ("An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases.").  Federal Rule of Civil Procedure 54 allows for an award of attorney's fees upon motion specifying the grounds for the award filed within 14 days after the entry of judgment. FED. R. CIV. P. 54.  Under Rule 54, "[c]ost awards for prevailing parties are available to both plaintiffs and defendants.  Thus, a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party." 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE: CIVIL 3d § 2667, at 209-10 & n.14 (1998); *see Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)  (the trial court may award attorney's fees to a defendants for obtaining a voluntary dismissal without prejudice).  There is nothing in Rule 54(d) that requires that the dismissal contain provision for an award of fees to a defendant.

As a federal court sitting in diversity jurisdiction, however, the Court applies the substantive law of the forum state, in this case Florida, alongside federal procedural law.  *Horowitch v. Diamond Aircraft Industries, Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).  Defendants contend that they are entitled to an award of their reasonable attorney's fees incurred in the defense of the Plaintiff's claims because they are considered to be "prevailing parties" under Florida law and the terms of the Loan Agreement and Guarantys.  Pursuant to Florida Statute:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party *prevails* in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.

Fla. Stat. § 57.105(7).

All of the applicable contracts at issue in this case provided for an award of attorneys fees, and each contract was entered into in 2006, after the effective date of the statute. The contractual language allowing fees in the Promissory Note states as follows:

> The Borrower agrees to pay upon demand all filing fees and similar charges and all Costs incurred by Lender in collecting or securing or attempting to collect or secure the Loan, including attorney's fees, whether or not involving litigation and/or appellate, administrative or bankruptcy proceedings.

Doc. 3-2 at 5. A similar provision in the Loan Agreement states:

> The Borrower agrees to pay upon demand all costs, expenses, legal fees, . . . paid or payable in connection with the . . . collection, liquidation, enforcement and defense of the Obligations, . . . this Agreement, . . . (d) costs and expenses paid or incurred in connection with obtaining payment of the Obligations, enforcing the security interests and liens of Lender . . . otherwise enforcing the provisions of this Agreement.

Doc. 3-3 at 19. The identical Guarantys of the individual Defendants also contain a provision for attorneys fees:

> Guarantor agrees that, whenever an attorney is used to obtain payment or performance under or under or otherwise enforce this Guaranty or to enforce, declare, or adjudicate any rights or obligations under this Guaranty, whether by suit or any other manner whatsoever; reasonable attorneys fees, paralegals' fees, legal assistants' fees and costs (whether incurred in collection, litigation, bankruptcy proceedings, appeals, or otherwise) shall be payable by Guarantor to Lender.

Doc. 3-4 to 3-6. As an initial matter, under the language of § 57.105(7) it appears that Defendants may be entitled to their attorneys' fees.

Plaintiff contends that any fees involving work that will be useful in a second-filed action are not awardable in this case. Plaintiff relies on Rule 41 (*see* Doc. 33 at 4), governing dismissal, which it has not shown is applicable to a fee award here, since Defendants are seeking their fees under Rule 54 and § 57.105(7). Moreover, the award of fees Plaintiff refers to is assessed after the *second* action is brought following the first one; such is not the case here. *See* Fed. R. Civ. P. 41(d).

The Florida Fourth District Court of Appeal case of *Nudel v. Flagstar Bank, FSB*, 60 So.3d 1163 (Fla. 4th DCA 2011) is directly on point. In *Nudel*, the defendant requested attorney's fees as the prevailing party pursuant to § 57.105(7) after the court dismissed the bank's foreclosure action

without prejudice. *Id.* at 1164.   The defendant-borrower had moved to dismiss the foreclosure complaint, arguing that the bank lacked standing because the mortgage was not timely assigned to the bank until after the lawsuit was filed, and the circuit court granted the motion to dismiss without prejudice. *Id.*   The appellate court awarded fees to the defendant, determining she was a "prevailing party" under § 57.105(7) based on the bank's voluntary dismissal without prejudice for lack of standing. *Id.* at 1165.  *See Thornber v. City of Fort Walton Beach*, 568 So.2d 914, 919 (Fla. 1990) (holding "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party"); *see also Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So.2d 316, 318 (Fla. 4th DCA 2006) (referring to *Thornber* case as the "general rule" and applying it to "statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation" and collecting cases); *Ajax Paving Indus., Inc. v. Hardaway Co.*, 824 So.2d 1026, 1029 (Fla. 2d DCA 2002) (*Thornber* rule applies even if the case has not been resolved on the merits).  Defendants are entitled to an award of fees under Rule 54 and Florida Statute § 57.105(7).

Plaintiff argues that Defendant Rafael Rodriguez is not entitled to an award of fees because his motion for fees was untimely filed, well after the 14 limit of Rule 54, from the time Plaintiff's claims against him were dismissed on October 22, 2103.  Plaintiff's point as to Rafael Rodriguez is well-taken, and he will not be allowed to recover any fees.

*2. The Amount of Fees*

Defendants seek $9,460.00 in attorney's fees for work done from June 6, 2013 to January 17, 2014.   Doc. 30 at 10-20.  Plaintiff argues that the nearly $10,000 in fees being sought are unreasonable, given the limited activity that had transpired in this lawsuit.  Plaintiff argues that Defendants' award of attorneys' fees should be limited to only those fees that are reasonable – although Plaintiff does not suggest any particular amount.

Attorney's fees must be calculated at the "prevailing market rates" in the relevant "community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum*

*v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates, *see id.* at 897, which necessarily includes an affidavit of the attorney performing the work and information on rates actually billed and paid in similar lawsuits. *Id.* at 895 n.11.

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985). The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984). In fact, the going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990); *see Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers,* 34 F.3d 1148 (2d Cir. 1994) (prevailing community court should use in setting the lodestar is the district in which the court sits).

An applicant may meet this burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. The court may also use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303; *American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F.Supp.2d 1301, 1310 (M.D. Fla. 2003); *Scelta v. Delicatessen Support Services,* 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002). Defendants have filed a supporting affidavit from Anthony Giovanoli, Esq. stating his opinion that the time and hourly rate charged by Mr. Zielinski is reasonable for the defense of a commercial mortgage foreclosure proceeding action. Doc. 30 at 21-22.

Defendants seek $9,460 in attorney's fees based on a rate of $400 per hour for 23.65 hours[1] of time spent on the case.  Doc. 30 at 10-20.  The going rate in Orlando for the defense in a commercial mortgage foreclosure proceeding is $300 per hour, not $400.  Mr. Zielinski represents that certain billing entries include time that was expended in the United States District Court, Southern District of Florida case of *Doral Bank v. ARR Investments, Inc*., which involved other debt claimed against similar defendants.  Doc. 30 at 9 n.1.  "As many time entries on the attached time billing benefitted counsel's work associated with the Southern District Florida case, I have divided the number of hours *equally* between this proceeding and the other lawsuit against Defendants. Notations on the attached billings reflect time entries were split between the two cases." *Id*.  The Court does not agree with the unspecific division between the two cases.

Generally, excessive, redundant, and unnecessary hours should be excluded from a fee award. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The Supreme Court requires fee applicants to exercise billing judgment which means that the applicant should "exclude from his fee applications 'excessive, redundant, or otherwise unnecessary [hours],' which are hours that would be "unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.3d at 1301; *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Excluding excessive hours means that a lawyer may not be compensated for activities which would not be billed to a client intent on vindicating its rights.  *Id*.  Exclusions for excessive hours are ultimately left to the discretion of the District Court. *Id*.

---

[1] Defendants' submission has extensive redactions, making it difficult to decipher, and counsel did not total the *hours* submitted.  The Court totals the submitted hours to 42.8, and with Mr. Zielinski decision to divide the number of hours equally in half, the hours sought to be reimburse would total 21.4, not 23.65 ($9,460/$400).  Adding up the total fees sought in red on each page equals $10,460.  It is not clear where the discrepancy lies, nor is it up to the Court to figure it out.

As Plaintiff argues, this case was still in its infancy.  The Court is not given any information about the progress of the Southern District of Florida case, but will not assume that the posture was exactly the same.  Here, Defendants filed a filed a Motion to Dismiss the Complaint (Doc. 16), an Answer to the Amended Complaint (Doc. 26), and the joint Case Management Report (Doc. 22) before Plaintiff filed the Notice of Voluntary Dismissal on December 12, 2013.  Doc. 27.  Defendants had also propounded written discovery on Plaintiff on December 5, 2013 before the dismissal.  Quite a bit of time (**5.5 hours**) was incurred after December 12, 2013, when Plaintiff filed the notice of voluntary dismissal.  This time is not reimbursable and will be deducted.

As to many of the time entries, the contents indicate work of a clerical nature such as "provide title report to client" or "prepare certificate of interested persons disclosure," and a deduction **of 1.5 hours** will be made for such entries.  In addition, the entries are vague or heavily redacted: "email to/from client" and "receive/review client email on [redacted]" and that time cannot be reimbursed.  There are also entries concerning issues that were not part of this straightforward case: a "Georgia short sale" and a "motion for remand" which was not filed.   The court will deduct **5 hours** for all such entries.  In addition, there is an entry for "TAS" who met with "JWZ" (Mr. Zielinski) for one hour at $500/hour and for a paralegal "bja" who did research for 2 hours at $150/hour, even though no information is provided for these individuals for the Court to determine the reasonableness; **1.25 hours** or the equivalent of $400 (half of the total time allotted) will be deducted from the fee.  When all of the deductions are made, the Court determines that a reasonable fee for Defendants' defense of the case is: $300 x 10.4 hours (23.65 - 13.25), or **$3,120.**

It is respectfully **RECOMMENDED** that Attorney's Fees be awarded to Defendants, ARR Child Care, Inc., ARR Investments, Inc., Arista Academy, Inc., and Alejandrino Rodriguez Rodriguez in the amount of **$3,120.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July , 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy